Argued November 2, affirmed December 7, 1960

# HARRIS ET AL v. HARRIS ET AL
### 357 P. 2d 419

*Alex M. Byler,* Pendleton, argued the cause for the appellants. With him on the briefs were Corey & Byler, Pendleton.

*J. T. Monahan,* Milton-Freewater, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Rossman, Sloan, O'Connell, Goodwin and King, Justices.

## SLOAN, J.

In this suit plaintiffs sought to recover a debt alleged to be owing to them from one Claude Harris, deceased. Defendants are the heirs at law of Claude Harris. The suit was brought pursuant to ORS 121.230 *et seq.,* which provides that the next of kin or heirs are "liable to a suit by a creditor of the estate to recover the distributed shares" to satisfy a debt. The alleged debt accrued in the fall of 1949. This suit was not filed until July 27, 1956. The trial court held that the suit was barred by the statute of limitations. Plaintiffs appeal.

Plaintiffs alleged that they and deceased were the owners in common of certain farm land in Umatilla County. They complained that during the crop years of 1948 and 1949 the deceased had failed to pay to them the proportionate share of crop proceeds to which they were entitled. Claude Harris died in 1952. His son, the defendant Archie Harris, was appointed administrator of his estate. In September of 1952 plaintiffs filed a claim against the estate for the debt now claimed. The administrator did not reject or pay the claim. The estate was closed in 1955 and the assets distributed without other action being taken by either the plaintiffs or the administrator. The trial court found that there was reason for plaintiffs to

take notice that the claim would not be paid during administration of the estate.

Plaintiffs asserted certain inequities which they claim operated to toll the statute of limitations. It was also argued that this was a special statutory proceeding and that the statute of limitations did not apply.

█ We think the suit was barred. There is nothing unique about ORS 121.230 *et seq.* that would remove the suit permitted by those sections from the limitations generally imposed on suits in equity by ORS 12.040. In the event of concealed fraud or similar conduct equity may suspend the statute of limitations. *First Nat. Bank v. Connolly,* 1943, 172 Or 434, 481, 138 P2d 613, 143 P2d 243. But in this case there are no compelling equities to suspend the statute of limitations. There was no evidence of fraud. The trial court found, and we agree, that neither was there sufficient evidence to sustain plaintiffs' allegations that defendant Archie Harris' conduct should estop him from denying the claim.

The decree is affirmed.